UNITED STATES of America, Appellee,

v.

Stanley JONES, Appellant.

No. 76–2117.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1977.

Decided July 1, 1977.

James M. Davis, Omaha, Neb., on brief, for appellant.

G. Roderic Anderson, Asst. U. S. Atty., Omaha, Neb., for appellee; Daniel E. Wherry, U. S. Atty., Omaha, Neb., on the brief.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

Stanley Jones was convicted of robbing the Omaha Savings and Loan Association in violation of 18 U.S.C. §§ 2113(a), 2113(b) and 2113(d). He was sentenced to a single seven-year term. We have carefully reviewed the record and briefs and find no merit to any of Jones' contentions.

Jones first contends that the trial court erred by limiting the cross-examination of Susan Manos, Marchele Greiner and Louise Johnson, all of whom were witnesses to the bank robbery. During the cross-examination of Manos and Greiner, the trial court sustained objections by the government to questions with respect to the certainty of their in-court identification of Jones. The right of a defendant to engage in a searching and wide-ranging cross-examination is an essential requirement for a fair trial. *Smith v. Illinois*, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); *United States v. Dickens*, 417 F.2d 958 (8th Cir. 1969). After reviewing the record, we are convinced that the defendant was accorded such an opportunity here and the trial court did not abuse

its discretion in refusing to permit the questions. *See Smith v. Illinois, supra,* 390 U.S. at 132, 88 S.Ct. 748; *United States v. Quinn,* 543 F.2d 640, 651 (8th Cir. 1976). The trial court also sustained objections by the government to a line of cross-examination which sought to discredit the in-court identification of Jones made by Greiner and Johnson. The defense was seeking to establish that neither Greiner and Johnson had been able to identify Jones from a photo spread shown to them prior to their testimony in court. In our view, the trial court's refusal to permit the questions was an error, but we do not believe it was a prejudicial one because of the strength of the government's case against Jones and because the information was later elicited from Peter Wyman, an FBI agent. *See United States v. Hiken,* 458 F.2d 24, 26 (8th Cir.), *cert. denied,* 409 U.S. 842, 93 S.Ct. 41, 34 L.Ed.2d 81 (1972); *Bass v. United States,* 326 F.2d 884, 890 (8th Cir.), *cert. denied,* 377 U.S. 905, 84 S.Ct. 1164, 12 L.Ed.2d 176 (1964).

The next issue raised on appeal is that the trial court erred in overruling the defense objection to the identification of Jones as one of the bank robbers by Archie Pearmon. Pearmon was not a witness to the robbery but, instead, was an acquaintance of Jones. After being shown photographs taken while the robbery was in progress, he testified that Jones was one of the robbers. This testimony was relevant because there was evidence that Jones had changed his appearance prior to trial. Similar testimony was permitted in *United States v. Murray,* 523 F.2d 489, 491 (8th Cir. 1975), and that the trial court did not err in admitting it here.

Jones also contends that the trial court made several errors with respect to the testimony of Delores Moore, the appellant's former girlfriend. He first argues that the trial court erred by prohibiting the defense from establishing additional details about her juvenile record which might have further impeached her credibility. Fed.R. Evid. 609(d) provides that:

[e]vidence of juvenile adjudications is generally not admissible under this rule. The court may, however, in a criminal case allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.

The Advisory Committee Notes to Rule 609 state that "[t]he prevailing view has been that a juvenile adjudication is not usable for impeachment." In *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the Supreme Court held that the denial of the right to cross-examine a key prosecution witness about possible bias and prejudice deriving from his probationary status as a juvenile delinquent was a violation of the defendant's right of confrontation guaranteed by the Sixth Amendment. It should be emphasized, however,

> that the Court [in *Davis v. Alaska*] neither holds nor suggests that the Constitution confers a right in every case to impeach the general credibility of a witness through cross-examination about his past delinquency adjudications or criminal convictions.

*Davis v. Alaska, supra* at 321, 94 S.Ct. at 1112 (Stewart, J., concurring).

In this case, it was established that Moore had been adjudicated as a delinquent, that she had been sent to a reformatory and that the crime was a felony. Thus, the trial court did permit the defense to impeach Moore with evidence of a juvenile conviction. It was not an abuse of the trial court's discretion, under Fed.R.Evid. 609, to refuse to permit the defense to further impeach Moore by eliciting details of the conviction. Jones next argues that the trial court erred in refusing to permit cross-examination of Moore with respect to her knowledge of the law of perjury. The refusal to permit the question was not prejudicial since Moore later admitted on redirect testimony that she had lied during her direct testimony. Nor did the trial court err in failing to sua sponte strike Moore's testimony once she admitted that she had lied on direct examination. Her lies were obvious to the jury and the defense was given an ample opportunity to cross-examine Moore as to her credibility.

Finally, Jones contends that there was insufficient evidence to support his convictions. This contention is clearly without merit when the evidence is viewed, as it must be, in the light most favorable to the government. *United States v. Frye*, 548 F.2d 765, 767 (8th Cir. 1977). There was sufficient evidence before the jury from which it could convict Jones, including: the bank surveillance photographs; the in-court identification of Jones by three bank tellers who were eyewitnesses to the robbery; the identification of Jones by an acquaintance from the surveillance photographs; and the testimony of his former girlfriend that Jones told her he robbed the bank, that Jones offered money to her and to other members of his family after the robbery, and that Jones left Omaha after the robbery with a shotgun similar to the one used in the robbery.

Affirmed.