**UNITED STATES of America, Appellee,**

v.

**Clarence Arthur HARVEY, Appellant.**

No. 78–1282.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1978.

Decided Dec. 12, 1978.

John L. Tennant, of Roscopf & Epes, Little Rock, Ark., for appellant.

Don N. Curdie, Asst. U. S. Atty. (argued), and W. H. Dillahunty, U. S. Atty., Little Rock, Ark., on brief, for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and VAN SICKLE,[*] District Judge.

STEPHENSON, Circuit Judge.

Defendant Harvey appeals from a jury verdict finding him guilty of possession of a United States Treasury check which had been stolen from the mail (18 U.S.C. § 1708), and of uttering a falsely made and forged endorsement with intent to defraud the United States (18 U.S.C. § 495). He received an 18-month sentence on the possession count and a suspended 18-month sentence on the uttering count.[1] The sole error claimed on appeal involves the government's use of information concerning appellant's previous criminal record obtained from appellant's presentence report in examining a character witness and cross-examining the appellant. We reverse and remand for a new trial.

During the course of the trial appellant's mother, Mrs. Harvey, testified, *inter alia,* as a character witness. She testified that appellant had a reputation of being a dependable individual and had had only "one run-in" with the law when he was a teenager, and that was a burglary when he was sixteen or seventeen. At the completion of her testimony the court requested the witness to remain and indicated it had a matter to take up with counsel. In chambers the court advised counsel that the presentence report which had been prepared and examined by the court prior to conviction with the consent of appellant and his counsel[2] revealed a more substantial criminal record than had been alluded to in the examination and cross-examination of appellant's mother. The court then stated: "I just think, in view of the testimony here, that this matter ought to be, the truth ought to be made known on the thing. Consequently, I am going to let both of you see the record."

Armed with information contained in the presentence report, the prosecutor asked Mrs. Harvey whether she had heard that appellant had been charged with fraud in obtaining a driver's license in February 1973; assault in the first degree, assault in the third degree, and carrying a concealed weapon, all on January 31, 1977; and possession of marihuana on May 26, 1976. Mrs. Harvey denied knowledge of any of the charges.

In addition, appellant under cross-examination by the prosecutor, admitted to pleading guilty to burglary in 1975, and that he had served time at the penitentiary when he was a juvenile; further that he was convicted of assault in the first degree and carrying a weapon on January 31, 1977. Appellant denied a May 1976 conviction of possession of marihuana and did not recall a 1973 conviction of fraud in obtaining a driver's license.

In this appeal appellant's sole contention is that Fed.R.Crim.P. 32(c)(1) limits the use of the presentence report to inspection by the judge for the purpose of aiding him in assessing an appropriate sentence and "does not allow its use in helping the prosecution to establish guilt." Therefore, the action of the court in disclosing appellant's prior criminal record to the prosecution during the course of the trial deprived appellant of a fair trial and mandates entry of a judgment of acquittal or a new trial.

Appellee contends that, inasmuch as appellant and his counsel had authorized preparation of the presentence report and examin-

---

[*] The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota, sitting by designation.

[1]. The Honorable Oren Harris, Senior United States District Judge for the Eastern District of Arkansas, presided.

[2]. The record discloses that appellant and his counsel had executed a written consent to the court's inspection of the presentence report prior to a plea of guilty, nolo contendere, or find-

ing of guilt. In this connection it should be noted that Fed.R.Crim.P. 32(c)(1) was amended in 1974 to permit the judge, after defendant's consent, to see the presentence report in order to decide whether to accept a plea agreement, and also to expedite the imposition of sentence in a case in which a defendant has indicated that he may plead guilty or nolo contendere. *See* Fed.R.Crim.P. 32(c)(1) Notes 1974 Amendment.

ination of the same by the court prior to entry of a plea of guilt or finding of guilt and no objection was made to the court's disclosure of appellant's prior criminal record to counsel during the trial, plain error was not committed. Furthermore, the trial judge was properly concerned because he knew from examination of the presentence report that Mrs. Harvey's answers as a character witness were not consistent with information concerning defendant's prior criminal record as shown in the presentence report. She was thus subject to cross-examination under Fed.R.Evid. 405(a) and *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). *See United States v. Burgard,* 551 F.2d 190, 195 (8th Cir. 1977); *United States v. Evans,* 542 F.2d 805, 817 (10th Cir. 1976), *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1124, 51 L.Ed.2d 550 (1977).

The government further contends that:

In the administration of the criminal justice system, the trial judge has the obligation of safeguarding the rights of the accused while at the same time protecting the interests of society. * * * In the promotion of this goal, the trial judge has an obligation, on his own initiative, at proper times and in a dignified, and impartial manner, to inject certain matters into the trial which he deems important in the search for truth.

*United States v. Pinkey,* 548 F.2d 305, 308 (10th Cir. 1977). The above comments were made by the court in rejecting appellant's claim that it was plain error for the trial court to suggest to the prosecutor that he examine the government's handwriting expert with regard to a comparison analysis of writings then in evidence and the handprinted voir dire questions written by appellant and thereafter handed to the judge.

It has also been stated that proper concern for the rights of criminal defendants and for the integrity of the judicial process may require that the confidentiality of a presentence report on a witness be lifted and the report be made available to counsel for defendant upon his request. *See United States v. Figurski,* 545 F.2d 389, 391 (4th Cir. 1976).

▮ In the matter now before us it is unnecessary to reach the issue of whether the court committed plain error in disclosing the presentence report of appellant to counsel during the course of the trial because we find from examination of the record that the prosecutor misused the information obtained in cross-examining appellant, who later testified in the trial. The prosecutor inquired of appellant as to whether he had committed certain misdemeanors, for example, assault in the first degree [3] on January 31, 1977, which appellant admitted.

Fed.R.Evid. 609(a) permits impeachment by proof of conviction of a misdemeanor only if the crime "involved dishonesty or false statement." An assault conviction does not involve dishonesty or false statement. *See United States v. Hastings,* 577 F.2d 38, 40–42 (8th Cir. 1978); *United States v. Wright,* 564 F.2d 785 (8th Cir. 1977); *United States v. Ortega,* 561 F.2d 803, 805–06 (9th Cir. 1977); *Carlton v. United States,* 198 F.2d 795, 800 (9th Cir. 1952).

In addition the prosecutor inquired of appellant concerning time spent in the penitentiary for juvenile offenses. This is contrary to Fed.R.Evid. 609(d), which provides that evidence of juvenile adjudications is inadmissible in federal court to attack the credibility of a defendant. Fed.R.Evid. 609(d) provides:

(d) Juvenile adjudications. Evidence of juvenile adjudications is generally not admissible under this rule. The court may, however, in a criminal case allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.

*See United States v. Canniff,* 521 F.2d 565, 569–70 (2d Cir. 1975); *Cotton v. United States,* 355 F.2d 480 (10th Cir. 1966); *Fag-*

---

**3.** Ark.Stat. § 41–1605 defines assault in the first degree as a Class A misdemeanor.

*erstrom v. United States,* 311 F.2d 717 (8th Cir. 1963).[4]

After considering this record in its entirety we conclude that the district court committed plain error in permitting the prosecutor to cross-examine the appellant with respect to previous convictions of misdemeanors and juvenile adjudications.

Reversed and remanded for a new trial.

4. Under certain limited circumstances the courts have permitted evidence of juvenile adjudications of witnesses *other than the accused* for purposes of impeaching credibility. *See* *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *United States v. Jones,* 557 F.2d 1237 (8th Cir. 1977).