**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James BECKETT, Defendant-Appellant.**

**No. 83–5031.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 3, 1984.

Decided Jan. 27, 1984.

Nancy Wiesen Stock, Asst. U.S. Atty., (argued), Kendra S. McNally, Asst. U.S. Atty. (on brief), Los Angeles, Cal., for plaintiff-appellee.

Janet L. Levine, Los Angeles, Cal., for defendant-appellant.

Before CHOY, GOODWIN and NORRIS, Circuit Judges.

PER CURIAM:

In September 1982, defendant James Beckett was in a hotel room where James Spivey was selling cocaine to an undercover agent. During the transaction, the agent showed Beckett a transparent bag full of cocaine and asked Beckett if he knew what it was. Beckett said yes. The agent then asked him if the cocaine in the bag was the

same as that the agent had received in an earlier sample. Beckett said he thought so, but could not be sure. Next, the police entered the room and arrested both Spivey and Beckett. During the subsequent trial, the district court issued the *Jewell* instruction on conscious avoidance to the jury, and Beckett's only contention on appeal is that it was error to do so.[1]

The *Jewell* instruction allows the jury to find intent if 1) the defendant knew of facts indicating that there was a high probability that he was involved in a drug transaction, and 2) he deliberately avoided learning the truth of the matter. *United States v. Jewell,* 532 F.2d 697, 703–04 (9th Cir. 1976) (en banc). The theory behind this instruction is "that a person who shuts his eyes to an obvious means of knowledge has sufficient mens rea" to be convicted. Edwards, *The Criminal Degrees of Knowledge,* 17 Mod.L.Rev. 294, 298 (1954).

■ The instruction is not given in all cases, however, because of the possibility that the jury will be led to employ a negligence standard and convict the defendant on the impermissible ground that he should have known a drug transaction was taking place. *United States v. Garzon,* 688 F.2d 607, 609 (9th Cir.1982). Accordingly, the instruction should be given only if there is evidence that the defendant purposely contrived to avoid learning all the facts in order to have a defense in the event he was arrested and charged. *Id.*

■ No such evidence exists in this case. Nothing indicates that the defendant tried to close his eyes or ears to what was happening. Rather, Beckett's statements to the agent—if credited by the jury—would tend to establish actual knowledge; they would not tend to establish that the defend-ant was consciously avoiding learning that he was involved in a criminal transaction.

We thus find no principled basis for distinguishing this case from *Garzon.* In *Garzon,* the only evidence on intent also tended to establish actual knowledge. As a consequence, "the choice for the jury was whether appellant knowingly participated in the drug deal or was merely innocently present at the final meeting. No evidence suggested a middle ground of conscious avoidance." *Id.* It was therefore error to issue the *Jewell* instruction in this case, just as it was error to do so in *Garzon.*

■ This error was not harmless. The only evidence that tended to establish that Beckett had actual knowledge of the cocaine sale was the testimony of one undercover agent. Consequently, if we held the error harmless, we would be saying that the jury *should* have found that the defendant was guilty beyond a reasonable doubt. Although it is our function to review the sufficiency of the evidence to support a guilty verdict, it is the jury's function, not ours, to decide whether to return a guilty verdict in the first place. In other words, this record accomodates a construction of events that supports a guilty verdict, but it does not compel such a construction. See *United States v. Duhart,* 496 F.2d 941, 945 (9th Cir.1974).

■ We therefore hold that issuing the *Jewell* instruction in this case was not harmless error because doing so was not "logically harmless to defendant beyond any reasonable doubt." *United States v. Rea,* 532 F.2d 147, 149 (9th Cir.1976).

REVERSED.

---

1. The trial judge instructed the jury that:

With regard to the question of the defendant's knowledge, if you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning the truth of the basis of the transaction and the contents of the briefcase, even though he was aware of facts indicating the high probability that the transaction involved contraband and that the briefcase contained contraband, then you may find under these circumstances that he had the full equivalent of knowledge, because self-imposed ignorance cannot protect him from criminal responsibility. However, even so, if you find that the defendant actually believed that the transaction did not involve contraband, then you must acquit the defendant.