**UNITED STATES of America, Appellee,**

v.

**Rodney Earl WHITE, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Raul Garcia SILVA, Appellant.**

**Nos. 85–2115, 85–2125.**

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1986.

Decided June 26, 1986.

Sharon F. Daily, James C. Delworth (argued), St. Louis, Mo., for appellant.

Daniel E. Meuleman, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HANSON,* Senior District Judge.

McMILLIAN, Circuit Judge.

Rodney Earl White and Raul Garcia Silva appeal from final judgments entered in the District Court[1] for the Eastern District of Missouri upon jury verdicts finding them guilty of conspiracy to steal and possess stolen mail matter in violation of 18 U.S.C. § 371 and possession of stolen mail matter in violation of 18 U.S.C. § 1708. For reversal White alleges the district court erred in denying his motion for severance, making certain evidentiary rulings, and failing to declare a mistrial because of prejudicial prosecutorial remarks in closing argument. For reversal Silva contends that the district court erred in limiting the use of a juvenile adjudication to impeach the chief government witness, submitting a "conscious

avoidance" instruction, and allowing into evidence threats he allegedly made to a government witness. For the reasons discussed below, we affirm both cases.

The facts reviewed in the light most favorable to the jury verdict reveal the following. On June 4, 1985, the window of the automobile of a United States letter carrier was broken and three bundles of mail were stolen from the rear seat. Shortly after the theft, postal inspectors found approximately 150 pieces of mail in a trash dumpster at the rear of an apartment in which Dearborn Debrick Hynes lived. After interrogation, Hynes told the inspectors that he, White and Silva had broken into the automobile and stolen the mail. According to Hynes, White served as a "lookout" while he and Silva broke the window and took the mail.

Later that evening, postal inspectors interrogated White. Although initially White denied involvement in the robbery, he later admitted that he had participated along with Hynes and Silva in taking the mail. After the interrogation, one of the postal inspectors reduced White's oral statement to writing. White signed the statement verifying that he had read the statement and that it was true.

That evening postal inspectors also went to Silva's apartment. They found Silva sitting on a couch in the living room. At his feet were three Missouri Division of Family Services' checks addressed to streets included on the delivery route for the mail reported stolen earlier in the day. At trial Silva testified that at the time of the robbery he was playing pinball in a diner and that White had entered the diner and asked him to keep a paper bag until White returned. Silva testified that when White did not return for the bag, he kept the bag and returned to his apartment. Silva claimed that the first time he opened the bag and discovered it contained the checks was as the postal inspectors came

* The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

into the apartment and that he had had no knowledge of the contents of the bag until that time.

*Rodney Earl White—No. 85–2115*

■ We first address White's contention that the district court erred in denying his motion for severance. White alleges he was prejudiced by joinder because of the weight of the evidence against Silva. We disagree. "Separate trials ... are not necessary simply because the evidence may be more damaging against one of the defendants." *United States v. Anderson*, 626 F.2d 1358, 1373 (8th Cir.), *cert. denied*, 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1980). Furthermore, "[a] motion to sever rests within the sound discretion of the trial court, and its judgment will not be reversed absent a showing of clear prejudice indicating an abuse of discretion." *Id.* In the present case, our review of the record reveals that White suffered no prejudice from the joint trial. Therefore, the district court did not abuse its discretion in denying his motion for severance.

White next contends that the district court erred in making several evidentiary rulings. White argues that the district court erred in admitting into evidence the written statement prepared by the postal inspector at the conclusion of the custodial interrogation. At the interrogation, White told the postal inspector he could not write well and agreed to have the inspector write a statement for him. The inspector wrote down White's words as White repeated his story of the day's events. When the statement was completed, the inspector read it aloud to White in its entirety; White initialed all corrections made on the statement; and White wrote out in his own hand that "I red [sic] theta [sic] statement and ti [sic] is true." White then signed the statement.

■ We find White's challenge to the admission of the written statement is not properly before the court. The government did not introduce the statement but White's defense counsel read the statement in its entirety on cross-examination. In this situation, we believe that White has waived his objection to the admission of the statement. *See United States v. Johnson*, 720 F.2d 519, 522 (8th Cir.1983), *cert. denied*, 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984).[2]

■ White also alleges that certain prosecutorial comments made during closing argument constitute reversible error. White argues that the district court erred in failing to declare a mistrial when the government in its rebuttal closing argument stated that it did not introduce the written statement in its case-in-chief because of "a legal problem." The government made the statement in response to defense counsel's closing argument that "the government thought so little of that statement the government itself didn't even use the statement in its case against [White]." Prior to trial the government had informed the district court that it would not introduce the written statement because the statement contained inculpatory comments concerning White's co-defendant Silva and therefore presented a potential sixth amendment confrontation problem in violation of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1960). Although we note that the district court sustained appellant's objection to the government's reference to a "legal problem," we agree with the government that its argument was proper rebuttal in light of the defense counsel's improper characterization of the government's motive for not introducing the statement. *See United States v. Librach*, 536 F.2d

---

2. Even if the issue were properly before the court, we would find on the facts of this case that the district court did not err in admitting the statement. As a general rule, "[a] statement which is reduced to writing by one other than the accused is [ ] admissible where the accused reads it over and signs it." *United States v. Johnson*, 529 F.2d 581, 584 (8th Cir.), *cert. de-* nied, 426 U.S. 909, 96 S.Ct. 2233, 48 L.Ed.2d 835 (1976). There is no evidence that White did not understand the contents of the statement or that the statement did not reflect White's oral statement. *See Jurek v. Estelle*, 623 F.2d 929, 938 (5th Cir.1980) (banc), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981).

1228, 1232 (8th Cir.) (the government has the right to comment on arguments raised by the defense), *cert. denied*, 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976).

■ Further, White contends that the district court erred in failing to declare a mistrial when the government in closing argument stated that White failed to call any witnesses to corroborate his testimony concerning his activities on June 4, 1985, the date of the robbery. This issue is not properly before the court because White failed to object to the statement at trial. *See id.* at 1231. We find no plain error because on the facts of this case it was permissible for the government to comment on White's "failure to call any witnesses to refute or contradict the government's case." *United States v. Thompson*, 490 F.2d 1218, 1221 (8th Cir.1974). *See also Moore v. Wyrick*, 760 F.2d 884, 886 n. 2 (8th Cir.1985) (per curiam).

■ Last, we address White's contention that the district court erred in failing to comply with the jurors' written request for a definition of "conspiracy." The district court responded by referring the jurors to the original jury instructions. The response to a jury request for supplemental instructions is a matter within the sound discretion of the district court. *United States v. Neiss*, 684 F.2d 570, 572 (8th Cir.1982). On the facts of the present case, we believe it was permissible for the district court to refer the jury to the original charge, which contained a correct definition of conspiracy. *See United States v. Hicks*, 619 F.2d 752, 758 (8th Cir.1980). We note that the district court had been amenable to giving a supplemental instruction but wanted the agreement of the government as well as both defense attorneys. Although White's counsel objected to referring the jury to the initial charge, appellant Silva's counsel and the government each believed that a reference to the original charge was more appropriate than giving the jury a definition of conspiracy which it had already been given.

We have considered White's other allegations of error raised on appeal and find them to be without merit.

*Raul Garcia Silva—No. 85–2125*

Silva first argues that the district court erred in limiting impeachment concerning the juvenile adjudication of Hynes, the government's chief witness. The district court allowed the government to introduce on direct examination testimony that Hynes had been adjudicated a juvenile and that the act committed by Hynes would have been a felony if he had been an adult. The district court, however, refused to allow defense counsel to cross-examine Hynes as to the specific facts of the juvenile offense. *See* Fed.R.Evid. 609(d). Relying on *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), Silva argues that he was denied his sixth amendment right to confrontation because of the limited cross-examination. In *Davis v. Alaska*, the Supreme Court stated that "[t]he State's policy interest of protecting the confidentiality of a juvenile offender's record cannot require yielding of so vital a constitutional right as the effective cross-examination for bias of an adverse witness." *Id.* at 320, 94 S.Ct. at 1112.

■ In *United States v. Jones*, 557 F.2d 1237 (8th Cir.1977), this court rejected an argument similar to Silva's. In *Jones*, as in the instant case, the district court allowed evidence of a juvenile adjudication but refused to permit the defense to further impeach the witness by eliciting the details of the offense. This court noted that *Davis v. Alaska* neither held nor suggested " 'that the Constitution confers a right in every case to impeach the general credibility of a witness through cross-examination about his past delinquency adjudications or criminal convictions.' " 557 F.2d at 1239, *quoting Davis v. Alaska*, 415 U.S. at 321, 94 S.Ct. at 1112–13 (Stewart, J., concurring). Likewise, on the facts of the present case, we find the district court did not abuse its discretion by refusing to permit cross-examination as to the details of the juvenile adjudication.

Silva next argues that the district court erred in submitting, over his objection, a "conscious avoidance" instruction to the jury. A conscious avoidance instruction is "properly given only when the defendant claims a lack of guilty knowledge and there are facts and evidence that support an inference of deliberate ignorance." *United States v. McAllister*, 747 F.2d 1273, 1275 (9th Cir.1984), *cert. denied,* — U.S. ——, 106 S.Ct. 92, 88 L.Ed.2d 76 (1985). The reason such an instruction should not be given in all cases is "because of the possibility that the jury will be led to employ a negligence standard and convict a defendant on the impermissible ground that he should have known [an illegal act] was taking place." *United States v. Beckett*, 724 F.2d 855, 856 (9th Cir.1984) (per curiam). Silva argues there was no evidence that he made a conscious effort to avoid learning of the contents of the bag. Silva contends that the government's evidence was that he was an active participant in the theft and that his evidence was that he had no knowledge of the contents of the bag until the postal inspectors came to his door. We agree with Silva on the facts of this case that the district court erred in giving a conscious avoidance instruction. However, given the overwhelming evidence of Silva's direct participation in the mail theft, we hold the error was harmless. *See United States v. Nordstrom*, 730 F.2d 556, 557 (8th Cir.1984).

Silva also argues that the district court erred in allowing Hynes' sister, Desiree Montgomery, to testify that after Silva's arrest and prior to trial, Silva threatened that he would "kick her ass and her brother's ass." We agree with the government that the district court did not abuse its discretion in admitting the evidence. If the probative value of the evidence outweighs the prejudicial impact under Fed.R. Evid. 403, "[e]vidence of threats by a defendant against a potential witness can ... be used to show guilty knowledge." *United States v. Bein*, 728 F.2d 107, 114 (2d Cir.1984). Here, we do not believe that the prejudicial impact of the testimony about the threat outweighed its probative value as evidence of guilty knowledge because the threat was not particularly inflammatory and Montgomery's testimony concerning the threat was brief. *Compare United States v. Weir*, 575 F.2d 668, 670 (8th Cir. 1978) (prejudicial impact of evidence of assassination threats against law enforcement officer and informant outweighed probative value).

Accordingly, the judgments of the district court are affirmed.