900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Craig SWIFT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3632.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 Before NATHANIEL R. JONES and KRUPANSKY, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert Craig Swift, a pro se federal prisoner, appeals the district court's dismissal of his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255.
 
 
 3
 Swift was sentenced to 15 years imprisonment for violating the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sec. 1962(c). His conviction was based on a guilty plea, entered pursuant to a Rule 11 plea agreement, to count 21 of the indictment. He now challenges his sentence alleging: (1) that he was denied due process of law because the district court accepted his guilty plea and sentenced him at the same time; (2) that the district court judge erred at the sentencing hearing by failing to establish a factual and legal basis for Swift's guilty plea as required by Fed.R.Crim.P. 11; and 3) that his counsel was ineffective because he did not advise the judge of his failure to establish a basis for the guilty plea.
 
 
 4
 After a review of the files and record, the district court found that Swift's claims were meritless and dismissed the action. Swift has filed a timely appeal, challenging the district court's dismissal. In addition, in his brief on appeal, he has also requested the appointment of counsel.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated by that court.
 
 
 6
 First, the district court did not deny due process to Swift by having the presentence report prepared and submitted to the court prior to the acceptance of his guilty plea. Fed.R.Crim.P. 32 permits the preparation of a presentence report before a guilty plea or conviction. Gregg v. United States, 394 U.S. 489, 491 (1969). Further Rule 32(c)(1) permits the judge, after defendant's written consent, to see the presentence report prior to the entry of a plea, in order to decide whether to accept a plea agreement and to expedite the imposition of sentence. See Fed.R.Crim.P. 32(c)(1); United States v. Harvey, 588 F.2d 1201, 1202 n. 2 (8th Cir.1978). Since Swift executed a written consent form which permitted the judge to review the presentence report "at any time, including the time prior to entry of a formal plea of guilty," we conclude that no denial of due process occurred based upon the preparation and examination of the presentence report prior to the formal acceptance of Swift's guilty plea.
 
 
 7
 Second, Swift's contention that the district court failed to establish a factual basis for his guilty plea is meritless. Fed.R.Crim.P. 11(f) requires that before entering a judgment upon a plea of guilty, the district court "make such inquiry as shall satisfy it that there is a factual basis for the plea." United States v. Goldberg, 862 F.2d 101, 104 (6th Cir.1988). Such factual basis may be determined from a number of sources, including a statement on the record from the government prosecutors, as well as a statement from the defendant. Id. at 105. In this situation, the record reflects that the district court judge heard a statement from the government detailing, with some specificity, the factual predicate for Swift's plea. Moreover, the court obtained a statement from Swift which admitted the basic truth of the government's statement of facts as well as particularized exceptions to the statement by the government.
 
 
 8
 Furthermore, the record also reflects that, based upon Swift's waiver, the district court examined both the presentence report and a detailed series of exceptions by Swift to the report prior to accepting Swift's plea. Such matters of record also constitute a method for determining that there is a factual basis for a guilty plea. See, e.g., United States v. Bradin, 535 F.2d 1039, 1041 (8th Cir.1976).
 
 
 9
 Thus, we are satisfied that the district court complied with the requirements of Rule 11(f) by determining that a factual basis did exist for Swift's guilty plea prior to accepting the plea.
 
 
 10
 Finally, Swift's contention that his trial counsel was ineffective is meritless. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Swift's ineffective assistance claim is predicated on the alleged failure of his counsel to apprise the sentencing judge that he had failed to establish a factual basis for the guilty plea. However, because we have concluded that the district court did properly determine that there was a factual basis for the guilty plea, counsel's performance in that regard was neither deficient nor prejudicial to Swift.
 
 
 11
 Accordingly, the request for the appointment of counsel is hereby denied. Further, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.