944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose ALCORTA, Defendant-Appellant.
 No. 89-50440.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1991.
Decided Sept. 20, 1991.
 
 Before BROWNING, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Agent Capra's disputed hearsay testimony, even if inadmissible, was "logically harmless to defendant beyond any reasonable doubt," United States v. Beckett, 724 F.2d 855, 856 (9th Cir.1984) (quoting United States v. Rea, 532 F.2d 147, 149 (9th Circ.1976)). The informant did not actually say Alcorta had knowledge of the cocaine; the jury would have had to infer knowledge from the informant's statement Alcorta was to load and transport cocaine. That same inference could be drawn from the fact Alcorta was arrested in the act of transporting cocaine in his truck. The government did not argue Agent Capra's testimony about the tip in closing argument or rebuttal to prove Alcorta's knowledge that the boxes in the truck contained cocaine. The government relied, instead, on impeachment of Alcorta's testimony to the contrary.
 
 
 3
 We review for clear error the district court's determination that because Alcorta was not subjected to custodial interrogation before the search of the boxes in the truck, the statements he made to the DEA agents at that point were admissible even though he was not given Miranda warnings. See United States v. Eide, 875 F.2d 1429, 1433 (9th Cir.1989). Alcorta was sitting in the cab of his truck in a parking lot when seven DEA agents who had him under surveillance moved in with their guns drawn and ordered him out of the truck. One agent opened the door of the truck and pulled him out. After finding no weapons on Alcorta, the agents holstered their weapons and informed him he was suspected of cocaine possession. Alcorta was never handcuffed. Under prior Ninth Circuit decisions, the district court's finding that Alcorta was not subjected to a coercive environment necessitating Miranda warnings was not clear error. See, e.g., United States v. Gregory, 891 F.2d 732, 735 (9th Cir.1989) (defendant not in custody when agents holstered their guns and conducted a brief interview with defendant in his home); United States v. Hudgens, 798 F.2d 1234, 1236-37 (9th Cir.1986) (lack of handcuffs and other physical restraints and short (45 minute) interrogation supported finding of no custody); United States v. Woods, 720 F.2d 1022, 1030 (9th Cir.1983) (brief questioning of appellants by officers in cocktail lounge was not custodial "simply because they were under investigation for a narcotics violation and were not free to leave"); United States v. Bautista, 684 F.2d 1286, 1292 (9th Cir.1982) (interrogation not custodial where defendants, despite being handcuffed, were not confronted with evidence of guilt).
 
 
 4
 The trial court's determination that Alcorta voluntarily consented to the search of the truck was not clearly erroneous. See United States v. Lindsey, 877 F.2d 777, 783 (9th Cir.1989) (determination of voluntariness of consent to search reversed only if clearly erroneous). A request to search need not be preceded by Miranda warnings to be valid. United States v. Ritter, 752 F.2d 435, 438 (9th Cir.1985). There was no evidence of coercive force by DEA agents, other than the initial drawing of their guns to stop Alcorta. See United States v. Alfonso, 759 F.2d 728, 741 (9th Cir.1985) (holstering of guns and absence of handcuffs relevant to finding of voluntary consent). The agents informed Alcorta immediately of the subject of investigation and that he was not obliged to consent to the search.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3