16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Jonfit RODREIQUEZ, also known as Jonfit Ramos, Appellant.
 No. 93-2153MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 9, 1993.
Filed: January 31, 1994.
 
 Before FAGG and WOLLMAN, Circuit Judges, and VIETOR,* District Judge.
 PER CURIAM.
 
 
 1
 Jonfit Rodreiquez appeals his convictions of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. See 21 U.S.C. Secs. 846, 841(a)(1) (1988). We affirm.
 
 
 2
 During Rodreiquez's trial, a Government witness volunteered on cross-examination that Rodreiquez had threatened him while both men were in prison awaiting trial. The Government and Rodreiquez continued questioning the witness about the threats on redirect and recross examinations. Although Rodreiquez did not object or move to strike any portion of the witness's testimony, Rodreiquez requested a mistrial at the conclusion of the testimony. The district court denied the motion because Rodreiquez initiated the testimony and failed to object earlier.
 
 
 3
 On appeal, Rodreiquez contends the district court should have granted a mistrial because the threat evidence was inadmissible under Federal Rule of Evidence 404(b), as well as unfairly prejudicial. We review the district court's denial of a motion for a mistrial for an abuse of discretion. United States v. Casal, 915 F.2d 1225, 1229 (8th Cir. 1990), cert. denied, 499 U.S. 941 (1991). To establish an abuse of discretion, Rodreiquez must show the challenged testimony "prejudiced him in the context of the entire trial." Id.
 
 
 4
 Testimony that Rodreiquez threatened a potential witness is direct evidence of the crimes charged, not evidence of other crimes under Rule 404(b). United States v. DeAngelo, No. 93-1296, 1994 WL 5153, at * 2 (8th Cir. Jan. 12, 1994). The threat evidence is admissible to show Rodreiquez's consciousness of guilt provided its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. White, 794 F.2d 367, 371 (8th Cir. 1986); see Fed. R. Evid. 403. In this case, the danger of unfair prejudice from the witness's mild testimony, which did not even specify the nature of the threats, did not outweigh the testimony's probative value. Thus, the district court did not abuse its discretion in denying Rodreiquez's motion for a mistrial.
 
 
 5
 Despite Rodreiquez's failure at trial to request a cautionary instruction about the threat evidence, Rodreiquez now contends the district court should have given a cautionary instruction at the time the district court denied Rodreiquez's motion for a mistrial. Because the district court instructed the jury on the proper consideration of the threat evidence during final jury instructions, however, we conclude there was no error. See United States v. Longbehn, 898 F.2d 635, 639-40 (8th Cir.) (in absence of request for contemporaneous limiting instruction, limiting instruction during final instructions not an abuse of district court's discretion), cert. denied, 495 U.S. 952, and cert. denied, 498 U.S. 877 (1990).
 
 
 6
 Rodreiquez also asserts the district court erroneously admitted his coconspirators' testimony about Rodreiquez's drug-related activity before the date of the conspiracy charged in the indictment because the Government failed to give the notice required by Rule 404(b) for evidence of other crimes. After the district court denied Rodreiquez's pretrial motion to exclude this testimony, Rodreiquez failed to object to admission of the testimony during trial. We thus review for plain error. United States v. Kandiel, 865 F.2d 967, 972 (8th Cir. 1989).
 
 
 7
 We conclude the district court did not commit error, plain or otherwise, in admitting the coconspirators' testimony about Rodreiquez's drug-related activities before the date charged in the indictment. The challenged testimony concerned the establishment, structure, and operation of the charged conspiracy and, thus, was not Rule 404(b) evidence. United States v. Rodrequez, 859 F.2d 1321, 1326-27 (8th Cir. 1988), cert. denied, 489 U.S. 1058 (1989); see United States v. Diaz, 994 F.2d 393, 395 (7th Cir. 1993) (preconspiracy drug activity with coconspirator was direct evidence of the charged conspiracy, not Rule 404(b) evidence).
 
 
 8
 Accordingly, we affirm.
 
 
 
 *
 The HONORABLE HAROLD D. VIETOR, United States District Judge for the Southern District of Iowa, sitting by designation