**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL L. LAMB,

Defendant - Appellant.

No. 03-2188
(D. Ct. No. CR-02-1715)
(D. N. Mex.)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Circuit Judge, **LUCERO** and **MURPHY** , Circuit Judges.

Defendant-Appellant Michael L. Lamb was convicted of possessing with the intent to distribute, and conspiring to possess, more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. Gerald Schultz, Mr. Lamb's coconspirator, testified as a government witness at trial. Mr. Lamb challenges the District Court's ruling that prohibited cross-examination of Mr. Schultz regarding a previous auto-theft arrest and conviction for misdemeanor assault. We take jurisdiction pursuant to 28 U.S.C. § 1291 and

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

AFFIRM.

## I. INTRODUCTION

According to the trial testimony, on September 2, 2002, Mr. Lamb and Mr. Schultz left Missouri for Chihuahua, Mexico, after having made a similar trip in the previous month. The two men arrived at a hotel in Chihuahua the following morning, leaving their car in valet parking. An unidentified individual came to their room that day, taking the keys and the valet parking receipt. Four days later, the car was returned; and both men left Chihuahua for Kansas City.

Outside Tucumcari, New Mexico, the car began experiencing mechanical difficulties. The men took the car to a repair shop; and, during repairs, a block of cocaine fell from the front of the car. The mechanic notified the local police department, resulting in the arrest of Mr. Lamb and Mr. Schultz.

Pursuant to a plea agreement, Mr. Schultz agreed to testify as a government witness against Mr. Lamb. On cross-examination, Mr. Lamb's attorney questioned Mr. Schultz on a number of issues, including his mental health treatment, his illegal drug use both before and during the conspiracy, his plea agreement, and his false statements to police. Mr. Lamb's attorney then attempted to cross-examine Mr. Schultz concerning his 1994 auto-theft arrest and his conviction for misdemeanor assault. The District Court prevented this line of questioning, finding it irrelevant, potentially misleading, and impermissible under

Rule 404(b) of the Federal Rules of Evidence. Mr. Lamb was convicted, leading to this appeal.

## II. STANDARD OF REVIEW

A defendant may challenge limitations on cross-examination through two means. *See, e.g., United States v. Walton*, 552 F.2d 1354, 1364 (10th Cir. 1977). First, he may assert that the district court's ruling violated the Confrontation Clause of the Sixth Amendment to the Federal Constitution. When a defendant contends that a district court ruling violated his rights under the Confrontation Clause, we review de novo whether an error occurred and, if so, we review whether the error was harmless beyond a reasonable doubt. *United States v. Joe*, 8 F.3d 1488, 1497 (10th Cir. 1993) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)). Second, he may challenge the district court's application of the Federal Rules of Evidence. Under such claims, we review for an abuse of discretion whether an error occurred and, if so, whether the error was harmless by a preponderance of the evidence. *United States v. Begay*, 144 F.3d 1336, 1339 (10th Cir. 1998).

## III. DISCUSSION

Mr. Lamb claims that the District Court violated his constitutional rights under the Confrontation Clause and abused its discretion under the Federal Rules of Evidence in limiting the scope of his cross-examination of Mr. Schultz. We

disagree.

A.    Confrontation Clause

"The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination."     *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974) (quotations omitted).  The Confrontation Clause guarantees only effective cross-examination, it does "not [guarantee] cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam).  "Effective cross-examination only requires that the trial judge not limit the scope of cross-examination so that it prevents the jury from having sufficient information to make a 'discriminating appraisal' of the relevant issue."     *Miranda v. Cooper*, 967 F.2d 392, 402 (10th Cir. 1992).  In guaranteeing this effective cross-examination, district courts have "wide latitude . . . to impose reasonable limits . . . [on] cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

Here, the relevant issue was whether Mr. Lamb, in conspiracy with Mr. Schultz, possessed over five kilograms of cocaine with the intent to distribute it. To address this issue, the District Court granted defense counsel broad latitude in

cross-examining Mr. Schultz on a wide array of topics, including: his agreement to serve as a government witness, his drug addictions, his mental status after the arrest, his psychiatric and drug-related hospitalization, his trips with Mr. Lamb to Mexico, his initial false statements to police, his previous careless driving convictions, his previous driving-while-intoxicated convictions, and his driving-under-the-influence convictions.  Given this broad scope, we find that the jury had "sufficient information to make a 'discriminating appraisal' of the relevant issue."  *Miranda*, 967 F.2d at 402.

Moreover, the District Court's exclusion of questions regarding Mr. Schultz's previous auto-theft arrest and misdemeanor assault was not contrary to the tenets of the Confrontation Clause because these questions do not pertain either to the charges faced by Mr. Lamb or to Mr. Schultz's credibility.  First, these questions clearly reference activities that occurred well before, and independently of, the present drug-trafficking conspiracy.  Second, absent specific evidence to the contrary, which is lacking in this record, neither a previous theft, *see United States v. Dunson*, 142 F.3d 1213, 1215-16 (10th Cir. 1998) (holding that a shoplifting theft is not a crime involving "false and misleading statements" unless otherwise shown), nor a misdemeanor assault, *see United States v. Harvey,* 588 F.2d 1201, 1203 (8th Cir. 1978) ("An assault conviction does not involve dishonesty or false statement."), impacts a witness's credibility.

In short, the District Court's ruling permitted Mr. Lamb's attorney to cross-examine on all relevant topics relating to the drug-trafficking trips to Mexico and to Mr. Schultz's credibility.    *See Begay* , 144 F.3d at 1339 (holding that excluding discussion of some prior convictions on cross-examination was not a violation of the Confrontation Clause when the district court allowed impeachment of the witness based upon a prior DWI and lies previously told to law enforcement). Therefore, we find that the District Court's limitation of Mr. Schultz's cross-examination did not violate the Confrontation Clause.

B.    Federal Rules of Evidence

We also find that the District Court did not abuse its discretion in applying the Federal Rules of Evidence.  Rule 609(a) governs the use of prior convictions for persons other than the defendant on cross-examination.  It provides:

> For the purpose of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year . . . ; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment. Fed. R. Evid. 609(a)

As such, the District Court did not abuse its discretion pursuant to Rule 609 unless one of these two conditions are satisfied.  Mr. Schultz's auto-theft arrest cannot fall under Rule 609 because it did not lead to conviction.  Because his assault conviction was a misdemeanor, it does not satisfy the requirements of

Rule 609(a)(1).  Further, the misdemeanor assault does not, absent more specific facts, involve dishonesty or a false statement, as required by Rule 609(a)(2).  *See Harvey,* 588 F.2d at 1203.  Thus, the District Court's ruling was proper under Rule 609.

Mr. Lamb also argues that a district court must permit cross-examination on specific instances of conduct, such as an arrest for auto theft, when they "concern[] the witness' character for truthfulness or untruthfulness[.]" Fed. R. Evid. 608(b).  Again, absent more specific allegations, mere assault does not impugn a witness's credibility.  *See Harvey,* 588 F.2d at 1203.  Further, the *arrest* for auto theft has no bearing on a witness's character for truthfulness.  *See Dunson*, 142 F.3d at 1216.  This conclusion holds especially true when, as in this case, the witness was not tried for, much less convicted of, theft, but was only briefly arrested on suspicion of theft.  Therefore, Rule 608(b) does not mandate cross-examination on these matters.

Finally, we find no merit in Mr. Lamb's claim that the auto-theft arrest shows Mr. Schultz's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" pursuant to Fed. R. Evid. 404(b).  Mr. Lamb contends that Mr. Schultz's identification of another as the driver of the stolen vehicle, after being charged with auto theft, establishes his modus operandi of giving information to authorities in exchange for lenient treatment.  At a

minimum, a presentation of modus operandi evidence must show a similarity between the past act and the present act. *See United States v. Kravchuk*, 335 F.3d 1147, 1156 (10th Cir. 2003). Here, Mr. Schultz has agreed to cooperate with the government in exchange for lenient treatment. According to defense counsel's proffer, there is simply no indicia of cooperation in exchange for lenient treatment in connection with the auto-theft arrest. Because there is no similarity at all between Mr. Schultz's cooperation in this case and his past conduct related to the auto-theft arrest, we find that the District Court did not abuse its discretion in excluding questioning of Mr. Schultz's alleged arrest for auto theft.

## IV. CONCLUSION

Based on the foregoing, we AFFIRM the District Court's exclusion of Mr. Schultz's 1994 conviction for misdemeanor assault and his alleged arrest for auto theft.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge