RILEY, Chief Judge,
dissenting.
The panel majority concludes “there is no conflict between the jury’s guilty verdict as to Count 2 and Honea’s concession in his safety-valve statement that he was deliberately ignorant.” Ante at 329. I respectfully dissent (1) because Honea did not admit deliberate ignorance in his safety-valve statement, and (2) because the district court’s “finding that Honea’s safety-valve statement ‘is more likely true than not, objectively stated,’ ” patently contradicts the jury’s guilty verdict.
“[I]n United States v. Campos, 362 F.3d 1013[, 1015-16] (8th Cir.2004), we held that a district court ‘err[s] as a matter of law* if it imposes a sentence based on a finding that contradicts the jury’s verdict.” United States v. Bertling, 611 F.3d 477, 481 (8th Cir.2010) (second alteration in original). See also United States v. Rivera, 411 F.3d 864, 866 (7th Cir.2005) (“Once the jury has spoken, its verdict controls unless the evidence is insufficient or some procedural error occurred; it is both unnecessary and inappropriate for the judge to reexamine, and resolve in the defendant’s favor, a factual issue that the jury has resolved in the prosecutor’s favor beyond a reasonable doubt.”). We explained in Campos, “It is axiomatic that a fact proved *331 beyond a reasonable doubt cannot simultaneously be disproved by a preponderance of the evidence.” Campos, 862 F.3d at 1016.
In Bertling, we determined the “non-contradiction principle” survived “the upheaval in federal sentencing law brought on by United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005),” Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Bertling, 611 F.3d at 482. The Bertling jury convicted the Bertling brothers of conspiring to influence, obstruct, or impede justice by murdering or otherwise intimidating witnesses. Id. at 480-81. During sentencing, the district court, contrary to the jury’s verdict, found the Bertlings lacked criminal intent to carry out the conspiracy, and then varied downward from the advisory Guidelines sentencing range. Id. at 479-80. Applying the non-contradiction principle, we held the district court’s discretion under 18 U.S.C. § 3553(a) did “not extend to nullifying the jury’s verdict,” id. at 482, and concluded the district court erred in substituting its own view of the evidence concerning criminal intent for the jury’s verdict, see id. at 480. The result must be the same under 18 U.S.C. § 3553(f). Section 3553(f) neither expressly nor impliedly authorized the district court to make a fact finding contrary to the jury’s verdict. Under section 3553(f), such a contrary finding is still “inappropriate.”
In deciding the district court’s finding of objective truthfulness does not contradict the guilty verdict, the panel majority relies on the general proposition that “the ‘knowingly’ element of § 841(a)(1) may be proven by demonstrating deliberate ignorance” under certain limited factual circumstances. Ante at 329. A deliberate ignorance (or willful blindness) instruction “allows the jury to impute knowledge to the defendant of what should be obvious to him, if it found, beyond a reasonable doubt, a conscious purpose to avoid enlightenment.” United States v. Barnhart, 979 F.2d 647, 651 (8th Cir.1992) (quoting United States v. Hiland, 909 F.2d 1114, 1130 (8th Cir.1990) (internal marks omitted)). But deliberate ignorance does not apply to this appeal for two reasons.
First, Honea’s proffer does not admit a deliberate effort to avoid actual knowledge or “conscious purpose to avoid enlightenment” of criminal activity. The vast majority of Honea’s proffer consists of Honea flatly denying any knowledge of the marijuana or any criminal wrongdoing just as he testified at trial. See ante at 325-27. Honea’s proffer does not establish Honea deliberately avoided asking questions or turned a blind eye because he suspected criminal activity and wanted to avoid learning the truth. Rather, Honea states he never thought he needed to ask questions because he trusted his family members to gather rocks from his property like they told him they would. Honea’s “concession” that, in “hindsight,” he might have learned more if he had asked questions and had “see[n] what they were doing,” ante at 329, is neither remarkable nor an admission of deliberate ignorance; it is speculative reflection. The district court’s factual finding to the contrary is clearly wrong.
Second, the jury’s guilty verdict leaves no room for deliberate ignorance. The government requested a deliberate ignorance instruction, but the district court refused to give it over Honea’s tactical objection. Absent an instruction explaining deliberate ignorance, the jury had no legal basis to conclude Honea’s purported *332 deliberate ignorance (first raised after his conviction) satisfied the knowledge requirement of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.
Our cases make clear “the instruction should not be given out in all cases because, despite the instruction’s cautionary disclaimer, there is a ‘possibility that the jury will be led to employ a negligence standard and convict a defendant on the impermissible ground that he should have known [an illegal act] was taking place.’ ... thereby relieving the government of its constitutional obligation to prove the defendant’s knowledge beyond a reasonable doubt.” Barnhart, 979 F.2d at 651-52 (quoting United States v. White, 794 F.2d 367, 371 (8th Cir.1986) (alteration in original)). Without any instruction explaining the complexities of our deliberate ignorance jurisprudence, that possibility becomes overwhelming and assumes constitutional proportions.
How can we say the jury found, beyond a reasonable doubt, Honea had a conscious purpose to avoid enlightenment when the district court never instructed the jury to consider that issue? In the absence of an appropriate legal instruction, we should not permit, much less expect, juries to equate knowledge with deliberate ignorance based upon the jurors’ personal views or common understanding of the law. To join the panel majority, I would have to presume the jury not only ignored the district court’s instruction to apply the law as given in the instructions, but also managed to find Honea deliberately ignorant — not merely negligent or reckless— without any standard to guide their deliberations. I am unable to do so.
The minimal knowledge instructions in this case did not give the jury any hint deliberate ignorance was legally sufficient to find Honea guilty. The only issue before the jury was Honea’s actual knowledge of the specific criminal activity. Honea took the stand and denied any knowledge of the marijuana. The jury rejected Honea’s testimony and found him guilty. To reach that verdict, the jury necessarily found beyond a reasonable doubt Honea knew of the illegal marijuana operation and knowingly aided and abetted it.
The instructions charged the jury by declaring that the jury could not find Honea guilty of Count 2 unless the government proved beyond a reasonable doubt “Honea must before, or at the time the crime was committed:
(1) have known that the crime of manufacturing [marijuana] was being committed as alleged in Count 2; and
(2) have knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of that crime.”
In finding Honea’s safety-valve statement that he had no knowledge of the marijuana “more likely true than not, objectively stated,” the district court impermissibly contradicted the only reading of the verdict supported by the jury instructions in this case. The district court erred as a matter of law. See Bertling, 611 F.3d at 481.
I would reverse and remand for resentencing.