**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alfredo PEREZ–PADILLA,
Defendant–Appellant.**

**No. 87–5118.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 22, 1988.*

Memorandum April 6, 1988.

Opinion May 23, 1988.

Burford B. Wiley, Ball, Wiley & Cheney, San Diego, Cal., for defendant-appellant.

Marian E. McGuire, Asst. U.S. Atty., Criminal Div., San Diego, Cal., for plaintiff-appellee.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before BROWNING, Chief Judge, HUG and BEEZER, Circuit Judges.

PER CURIAM:

Alfredo Perez–Padilla was stopped by customs agents at a checkpoint at San Ysidro, California while on his way to Mexico. The agents searched him and his possessions and found a clear plastic baggie containing cocaine inside a jacket in his suitcase. Perez–Padilla appeals his conviction for possessing 147.5 grams of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) on two grounds.

■ 1. Perez–Padilla claims that the trial judge erred in denying his motion to suppress statements he made to customs officers. The claim is frivolous. Perez–Padilla testified at the hearing on his motion to suppress that customs officers had coerced his confession by threatening to turn him over to Mexican authorities if he did not provide information. At trial appellant admitted on cross-examination that in fact he had not been threatened.

2. Perez–Padilla expressly agreed to the giving of a *Jewell* instruction, *United States v. Jewell*, 532 F.2d 697 (9th Cir.1976) (en banc), but now contends the instruction was plain error. The basis for the claim of error is not clear. Customs agents testified that after his arrest Perez–Padilla stated he knew he was carrying cocaine. At trial Perez–Padilla testified he believed the package he carried contained something illegal but thought it was jewelry or a weapon, not drugs—that in fact he did not think drugs were taken into Mexico from the United States. His argument on appeal seems to be that a *Jewell* instruction was improper for a blend of two reasons: (1) only his actual knowledge was at issue, in view of his testimony as to what his actual knowledge was; and (2) there was no proof that he thought the substance was cocaine, as required for conviction under 21 U.S.C. § 841(a)(1), rather than jewelry or weapons.

■ It is true that a *Jewell* instruction should not be given when the evidence is that the defendant had either actual knowledge or no knowledge at all of the facts in question. *United States v. Alvarado*, 838 F.2d 311, 314 (9th Cir.1988); *United States v. Beckett*, 724 F.2d 855, 856 (9th Cir.1984). However, if there is evidence of both actual knowledge and of deliberate ignorance, a *Jewell* instruction is appropriate. *Jewell*, 532 F.2d at 698–99. The *Jewell* instruction was properly given in this case. There was sufficient evidence that Perez–Padilla deliberately avoided knowledge of the package's contents. The cocaine was found in a clear plastic "baggie" in the pocket of Perez–Padilla's jacket in his suitcase. Perez–Padilla testified a man he named had, in his presence, placed the baggie in his jacket and paid him $300 to transport it to Tijuana. While he claimed he thought the baggie contained jewelry or a gun, not drugs, he did not look. He admitted he knew he was doing something illegal, but did it anyway. As we said in *United States v. McAllister*, 747 F.2d 1273, 1276 (1984), "[t]hese facts all indicate 'the defendant tried to close his eyes or ears to what was happening.'" In *McAllister*, we sustained the use of a *Jewell* instruction despite the defendant's testimony that he thought the truck he was driving contained furniture rather than illegal aliens.

The jury was not required to believe Perez–Padilla's self-serving testimony, *see United States v. Nicholson*, 677 F.2d 706, 709 (9th Cir.1982), particularly since the appearance, shape, weight, and feel of a package containing powdered cocaine would be quite different than that of a package containing jewelry or a gun, and Perez–Padilla's luggage also contained a weighing scale bearing cocaine residue.

AFFIRMED.