947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Nubla CHING, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel METIAM, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bonifacio GARCIA, Defendant-Appellant.
 Nos. 90-10333, 90-10334 and 90-10335.
 United States Court of Appeals, Ninth Circuit.
 Argued June 13, 1991.
Submitted Oct. 24, 1991.
Decided Nov. 7, 1991.
 
 1
 Before GOODWIN, BEEZER and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 BACKGROUND
 
 3
 Appellants Jose Nubla Ching, Daniel Metiam, and Bonifacio Garcia were convicted of conspiracy in violation of 18 U.S.C. § 371, and of the sale of stolen securities in violation of 18 U.S.C. § 2315. Appellants were sentenced to fifteen months of imprisonment each. We affirm.
 
 DISCUSSION
 I. Testimony About the Firearms
 
 4
 The district court did not abuse its discretion in allowing Saulog and Salvador to testify regarding Metiam and Ching's possession of handguns. Although the court suppressed evidence from an illegal inventory search of Garcia's car, wherein the handguns were found, Salvador and Saulog's testimony was not a fruit of the illegal search. Cf. United States v. Ramirez-Sandoval, 872 F.2d 1392, 1395-1400 (9th Cir.1989). In addition, the parties stipulated at the end of the case that no firearms were found on any of the appellants. Under such circumstances, the possibility that Salvador and Saulog's testimony resulted in unfair prejudice was minimal. On the other hand, the evidence was probative and it suggested appellants acted with knowledge. Accordingly, the evidence was admissible under Federal Rules of Evidence 401-403 and 404(b).
 
 II. The Jewell Jury Instruction
 
 5
 The district court also did not err in giving the Jewell jury instruction. This instruction should be used only when a "defendant claims a lack of guilty knowledge", and the facts "support the inference that the defendant was aware of a high probability of the existence of the fact in question." United States v. McAllister, 747 F.2d 1273, 1275 (9th Cir.1984), cert. denied, 474 U.S. 829 (1985); United States v. Garzon, 688 F.2d 607, 609 (9th Cir.1982). The instruction should not be used "when the evidence is that the defendant had either actual knowledge or no knowledge at all of the fact in question." United States v. Perez-Padilla, 846 F.2d 1182, 1183 (9th Cir.1988) (per curiam). " '[I]f there is evidence of both actual knowledge and of deliberate ignorance, a Jewell instruction is appropriate.' " United States v. Sanchez-Robles, 927 F.2d 1070, 1074 (9th Cir.1991) (emphasis in Sanchez-Robles ) (citation omitted).
 
 
 6
 The Jewell instruction was proper in this case because appellants affirmatively denied actual knowledge in their closing arguments to the jury, and the facts supported an inference that appellants were aware of a high probability that the venture was illegal. Appellants were present at Bonifacio's house when an elaborate plan was devised to deliver a brown paper bag of "merchandise" to a stranger at the Dunes Hotel in Las Vegas. They were given specific assignments, were told to watch out for police, and were told they would be paid for their participation in the scheme. Appellants also were aware that the buyer of the bonds would be frisked, and Ching and Metiam previously had accompanied Salvador and others on a curious trip to Las Vegas where a business meeting was held at a Golf course while Metiam and Ching waited in a car.
 
 
 7
 These circumstances would have alerted a reasonable person that "there was a 'high probability' that the undisclosed venture was illegal. Any reasonable person would have inquired extensively into the nature of the proposed venture ... unless, of course, he did not want to hear the answer." Id. (citing United States v. Nicholson, 677 F.2d 706, 710-11 (9th Cir.1982)). But the suspicious facts did not give the appellants direct knowledge of illegality, so a Jewell instruction was appropriate. Id.
 
 III. Motion to Sever
 
 8
 The district court did not abuse its discretion in denying Ching and Metiam's motion to sever. A defendant's Sixth Amendment rights are protected when a codefendant's redacted confession makes no reference to the defendant, and the trial court gives a limiting instruction to the jury indicating no connection should be made between the redacted statement and the defendant. Richardson v. Marsh, 481 U.S. 200, 208-211 (1987); United States v. Sherlock, 865 F.2d 1069, 1079-80 (9th Cir.1989). Garcia made a post-arrest statement to police which indicated that someone agreed to pay him to drive some individuals to the Dunes where they were to conduct a business transaction. However, the redacted statement made no reference to Ching or Metiam, and parties stipulated that neither of them made the statement.
 
 IV. Evidence of the Diagram
 
 9
 The district court also did not abuse its discretion when it admitted testimony about a diagram which was reviewed by the coconspirators at Bonifacio's dining room table. Zaulog did testify that the diagram showed "how [the defendants were] going to pick up the money from the Dunes Hotel and where [they were] going to go from there." Zaulog's statement was not hearsay, however, because it was not offered to prove the truth of the matter asserted, but rather to prove the appellants were aware of the plan to sell the securities or deliberately ignored it. Accordingly, no confrontation clause violation occurred. United States v. Kirk, 844 F.2d 660, 663 (9th Cir.) (citing Tennessee v. Street, 471 U.S. 409, 413-14 (1985)), cert. denied, 488 U.S. 890 (1988).
 
 V. Amount of Loss
 
 10
 The district court did not err in calculating the amount of loss. Appellants were convicted of conspiracy and of selling or receiving stolen property. Under these circumstances, the guidelines instruct a sentencing court to determine the amount of loss using the table in section 2B1.1(b)(1) of the Sentencing Guidelines, and it was not clearly erroneous for the court to find that the value of the bonds was one million dollars--the face value of the bonds. See United States v. Pemberton, 904 F.2d 515, 516-17 (9th Cir.1990). The government met its burden of proving the value by the preponderance of the evidence. United States v. Restrepo, No. 88-3207, slip op. 13869 (9th Cir. Oct. 4, 1991).
 
 VI. Minor vs. Minimal Participant
 
 11
 The district court's factual determination that appellants were minor but not minimal participants was not clearly erroneous. Appellants were not entitled to the seldom used minimal participant reduction, because they did not "lack knowledge or understanding of the scope and structure of the enterprise and of the activities of others." U.S.S.G. § 3B1.2 comment (n. 1). Appellants were present when the plans were made to deliver the stolen bonds and when the assignments were made, and each appellant did more than just "offload a shipment" of contraband or act as a courier for a single smuggling transaction. See U.S.S.G. § 3B1.2 comment (n. 2).
 
 VII. More than Minimal Planning
 
 12
 We also find no error in the district court's enhancement of appellants' sentences by two points for more than minimal planning under U.S.S.G. § 2B1.1(b)(4). " 'More than minimal planning' means more planning than is typical for the commission of the offense in a simple form." U.S.S.G. § 1B1.1 comment (n. 1(f)). This crime involved more planning than is typical for the commission of the offense of selling stolen securities in its simple form, and, as explained above, each appellant was aware of and participated in the elaborate plan to sell the stolen bonds.
 
 
 13
 VIII. Garcia's Alleged Acceptance of Responsibility
 
 
 14
 Finally, the district court's refusal to grant Garcia a two-point reduction for acceptance of responsibility was not clearly erroneous. The court's explanation that Garcia "minimized" and did not "fully accept" his conduct provided the required foundation for the court's refusal to grant this award, United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990), and the record reveals Garcia did misstate certain facts in his post-arrest statement. Moreover, Garcia did nothing more than admit he drove certain persons to the Dunes Hotel. A defendant's minimilistic description of his involvement in the crime standing by itself does not "clearly demonstrate[ ] a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a); United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991).
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3