988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
THE PEOPLE OF THE TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Eric KLOULUBAK, Defendant-Appellant.
 No. 90-10539.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1992.
Decided Feb. 19, 1993.
 
 Appeal from the United States District Court for the District of Guam; No. CR-90-00026-CCD, Cristobal C. Duenas, District Judge, Presiding.
 REVERSED AND REMANDED.
 Before JAMES K. BROWNING, WILLIAM A. NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eric Kloulubak was convicted of importing marijuana and sentenced to seven years imprisonment. On appeal Kloulubak challenges the following: 1) the government's failure to disclose potentially exculpatory evidence to the grand jury, 2) the government's destruction of the styrofoam cooler which contained the marijuana, and 3) the trial court's use of the "deliberate avoidance" instruction under United States v. Jewell, 532 F.2d 697 (9th Cir.) (en banc), cert. denied 426 U.S. 951 (1976). We reject Kloulubak's first two claims, but reverse on the grounds that the Jewell instruction was inappropriately given and was not harmless error.
 
 I. Failure to Present Exculpatory Evidence
 
 3
 We disagree with Kloulubak's contention that the prosecutor failed to present exculpatory evidence to the grand jury. The fish cooler was marked with the following information: Charles M.; Agana, Guam; Telephone Number 477-5936. Nonetheless, the Customs Agent who testified before the grand jury repeatedly stated that the only marking on the cooler was the name Charles M. Kloulubak argues that the additional information shows that Charles M., not Kloulubak, was the intended recipient of the cooler. However, as the appellate division concluded, the mailing address on the cooler was "suspiciously vague" and the telephone number was an unassigned exchange. Decision and Order at 3. This additional information "could easily have led the grand jury to conclude that the information was entirely fictional; i.e. that no 'Charles M.' existed and that defendant might have written the information as a means of avoiding responsibility.' " Id. at p. 3-4.
 
 II. The Destruction of the Fish Cooler
 
 4
 The government's destruction of the fish cooler that contained the marijuana was lawful because "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Arizona v. Youngblood, 488 U.S. 51, 58 (1988). Kloulubak does not even contend that the Guam police acted in bad faith by destroying the fish cooler.
 
 III. The Jewell Instruction
 
 5
 At trial the court gave the jury the following Jewell instruction: "You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant was aware of a high probability that marijuana was in the fish cooler and deliberately avoided learning the truth." We review de novo the propriety of giving this instruction. U.S. v. Sanchez-Robles, 927 F.2d 1070, 1073 (9th Cir.1991).
 
 
 6
 Because "[t]he cases in which the facts point to deliberate ignorance are relatively rare," a Jewell instruction "should ... be given rarely because of the risk that the jury will convict on a standard of negligence: that the defendant should have known the conduct was illegal." U.S. v. Alvarado, 838 F.2d 311, 314, (9th Cir.), cert. denied 487 U.S. 1222 (1988) (emphasis in original). A Jewell instruction may only be given if the proof at trial supports "an inference of deliberate ignorance." See U.S. v. Pacific Hide & Fur Depot, 768 F.2d 1096, 1098 (9th Cir.1985). In determining whether the proof at trial supports such an inference, "[i]t is not enough that defendant was mistaken, recklessly disregarded the truth, or negligently failed to inquire. Instead, the government must present evidence indicating that defendant purposely contrived to avoid learning all of the facts in order to have a defense in the event of subsequent prosecution." Id. (citations omitted).
 
 
 7
 A Jewell instruction is appropriate where "there is evidence of both actual knowledge and deliberate ignorance." United States v. Perez-Padilla, 846 F.2d 1182, 1183 (9th Cir.1988). However, the government cannot use evidence of actual knowledge to substitute for evidence of deliberate ignorance. Accordingly, a Jewell instruction is not appropriate if the only evidence alerting the defendant to the probability of criminal activity is direct evidence of knowledge of the illegal activity itself. Sanchez-Robles, 927 F.2d at 1074.
 
 
 8
 The evidence in this case does not support a Jewell instruction. Kloulubak arrived in Guam on a flight from Yap, Federated States of Micronesia. He testified at trial that after getting off the flight he was approached by somebody who asked him whether he would pick up a package and deliver it to a friend, Charles Matsutaro. He said he agreed to pick up the package because Matsutaro was a long-time family friend who grew up in his father's village. He took the claim ticket and returned to the airport the next day to pick up the package. When he arrived at the baggage claim room there was one package sitting in the middle of the floor wrapped in a black trashbag. After noting that it was marked "Charles S.M.", Kloulubak identified the package as his. The customs officials opened the package, which was a cooler, and after removing a false bottom discovered the marijuana. Kloulubak denied knowing the contents of the package.
 
 
 9
 The government argues that, if his testimony is believed, Kloulubak had reason to be suspicious, and that he purposely contrived to avoid learning the truth. In support, the government cites the following: 1) Kloulubak received the request to pick up the package from a stranger and failed to inquire into the package's contents, and 2) Kloulubak knew the claims ticket identified the package's contents as crabs, knew that crabs would be shipped in a fish cooler, and knew that fish coolers were frequently used to smuggle drugs. We reject these arguments.
 
 
 10
 Assuming Kloulubak's testimony is true, his failure to inquire into the contents of the package was reasonable in light of the fact that the stated recipient of the package was a long-time family friend. No evidence was presented that Kloulubak had any reason to suspect that Matsutaro was engaged in illegal activity of any sort, so Kloulubak's willingness to deliver a package to him would be entirely understandable.
 
 
 11
 Kloulubak testified at trial that he knew that fish coolers were commonly used to import drugs. Although there is conflicting evidence whether Kloulubak knew that the package he was to pick up was a cooler, there is no evidence that Kloulubak had any reason to believe a cooler addressed to a family friend contained contraband. Although the claim ticket identified the contents of the baggage as crabs, there is no evidence that Kloulubak was able to read the claim ticket. Indeed, assuming Kloulubak attempted to read the claim ticket,[1] the evidence supports a conclusion that he was unable to decipher it. Even the airport agent, presumably familiar with the writing on such tickets, read it inaccurately.
 
 
 12
 While there is no evidence of deliberate ignorance, there is circumstantial evidence of actual knowledge. The best evidence of actual knowledge is the inconsistent statements Kloulubak made regarding how he came to possess the claim ticket and the circumstances surrounding his identification of the baggage. These inconsistencies allow the government to argue that Kloulubak's claim of ignorance was a sham, and that he actually knew precisely what he was to pick up. However, while evidence of actual knowledge obviously helps the government meet its burden of proving knowledge, it cannot, without more, be the basis for a Jewell instruction.
 
 
 13
 We also conclude that the error in this case was not harmless. As in Sanchez-Robles, the evidence here is not "so overwhelming as to compel a guilty verdict." 927 F.2d at 1075. This was a close case, and the evidence of actual knowledge was not "abundantly clear." Alvarado, 838 F.2d at 317.
 
 
 14
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Kloulubak provided conflicting testimony on whether he tried to read the claim ticket. The government's principal contention is that he did, and therefore he knew that the package contained crabs and must have been a fish cooler. The government argues in the alternative that if Kloulubak failed to try to read the claim ticket, such failure is in and of itself evidence of willful avoidance. The government provides no support or explanation for this curious proposition. We reject it