999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Boris LOMAZOV, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oleg YASKO, Defendant-Appellant.
 Nos. 91-50729, 91-50793.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1993.
Decided July 27, 1993.
 
 1
 Before NOONAN and LEAVY, Circuit Judges, and FITZGERALD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The appeals in these companion cases are from the defendants' convictions, after a jury trial, of conspiracy to evade federal gasoline excise taxes in violation of 18 U.S.C. § 371, and tax evasion and aiding and abetting tax evasion in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2(a).
 
 
 4
 Whether the Jewell Instruction Was Appropriate
 
 
 5
 Lomazov presents several arguments regarding what he claims was an improper Jewell instruction. See United States v. Jewell, 532 F.2d 697 (9th Cir.) (en banc), cert. denied, 426 U.S. 951 (1976). We have carefully examined the record and our decisions regarding the Jewell instruction in the context of a conspiracy charge. See, e.g., United States v. Nicholson, 677 F.2d 706, 711 (9th Cir.1982); United States v. Eaglin, 571 F.2d 1069, 1074-75 (9th Cir.1977), cert. denied, 435 U.S. 906 (1978). We conclude that its use was appropriate in this case.
 
 
 6
 We have held that " 'if there is evidence of both actual knowledge and of deliberate ignorance, a Jewell instruction is appropriate.' " United States v. Sanchez-Robles, 927 F.2d 1070, 1075 (9th Cir.1991) (quoting United States v. Perez-Padilla, 846 F.2d 1182, 1183 (9th Cir.1988) (per curiam)). The circumstantial evidence in this case points to both actual knowledge and deliberate ignorance. Therefore, the district court properly gave a Jewell instruction.
 
 
 7
 Lomazov argues that the Jewell instruction contravenes Cheek v. United States, 498 U.S. 192 (1991). However, Cheek requires "negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws." Cheek, 111 S.Ct. at 610-11. Lomazov never claimed ignorance of the law or that he misunderstood it. Cheek decides an issue completely different from ignorance of the facts, which is the issue Lomazov raises.
 
 
 8
 Lomazov argues that the Jewell instruction was erroneous because it negated the requirement of his specific intent to join the conspiracy. It is true that mere knowledge of a conspiracy is an impermissible basis for a conspiracy conviction. See, e.g., United States v. Torres-Rodriguez, 930 F.2d 1375, 1388 (9th Cir.1991). However, the district court instructed that mere knowledge was not sufficient for a conspiracy conviction. See RT 14 at 2070-2. The instructions as a whole require the jury to find that, at a minimum, Lomazov knowingly entered the conspiracy. "The law in this circuit requires no more." United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992). Further, an instruction on deliberate blindness does not preclude a jury's finding that there is specific intent to join a conspiracy.
 
 
 9
 Lomazov argues he was unduly prejudiced by the court's emphasis that the Jewell instruction applied only to him. He claims that this emphasis resulted in the court's "implicitly endors[ing] a finding that Mr. Lomazov was wilfully blind and therefore should be ascribed knowledge of the tax evasion scheme and consequently held criminally liable as a conspirator." But it simply cannot be argued that the jury would think the court implicitly endorsed anything. The record shows that the court repeatedly instructed the jury that it, not the court, was responsible for the verdict.
 
 
 10
 Finally, Lomazov argues that the court gave an instruction that allowed the jury to convict him of the conspiracy even if he paid the tax. The argument is without merit. The jury was clearly instructed that to convict, Lomazov had to actually know that whatever amounts were paid, no money would ever be collected by the government. It was not sufficient that Lomazov had facts upon which he could simply conclude no taxes were being paid to be convicted of conspiracy.
 
 Lomazov's Failure to Testify at Trial
 
 11
 Lomazov argues that the government's rebuttal argument was an unconstitutional comment on his failure to testify. The record clearly reflects that the government never commented on the defendant's failure to testify.
 
 The Oil Express Articles
 
 12
 At trial, witnesses were permitted to testify about certain articles they read in the Oil Express. The court ruled that the articles could not be admitted because they were unfairly prejudicial. The court permitted testimony about the articles only to show state of mind, which is an exception to the hearsay rule. See Fed.R.Evid. 803(3).
 
 
 13
 The defendants argue that the evidence admitted at trial with respect to the articles was irrelevant and prejudicial. They argue that the evidence as to what effect the articles had on witnesses was irrelevant, because what was at issue was the defendants' state of mind. However, the articles were used to show the defendants' state of mind when others were disturbed by the articles and discussed them with the defendants.
 
 
 14
 The defendants claim the government improperly questioned witnesses and used summation argument to highlight an improper purpose with respect to the articles. This claim is not borne out by the record. The court limited the testimony of the witnesses so that the contents would not be revealed.
 
 
 15
 The defendants claim the testimony of one witness who read the articles and then admitted his guilt would have lead the jury to infer that Yasko had a guilty state of mind. Yasko claims that this testimony was prejudicial. However, the testimony was relevant and probative as to Yasko's state of mind when others reading the same articles recognized the illegality of their actions.
 
 The Right to Present and Argue a Defense
 
 16
 Yasko's defense was that certain individuals other than himself were the principals. Yasko's theory was that the government knew about the other individuals but chose to ignore them to lay the blame on Yasko. Yasko argues that his right to present evidence in support of this defense was violated, as well as his right to argue the defense to the jury.
 
 
 17
 Yasko's argument does not reflect what happened at trial. The court told defense counsel that they could present any evidence so long as it was properly admissible. See RT Vol. 9 at 1167-69. Yasko never took the court's invitation to present his defense through the proper witnesses. Further, with no interference from the court or the prosecutor, defense counsel argued in closing that other individuals were involved and that they had never been charged. See RT Vol. 13 at 1933-35.
 
 The Sentencing
 
 18
 Yasko argues that the court's imposition of the maximum possible term upon him, ten years' imprisonment plus $1.3 million in restitution, was erroneous because the court had no basis to believe that Yasko was hiding the proceeds of his crime. The court stated its belief that Yasko was hiding proceeds because:
 
 
 19
 I did hear the evidence in this case ... I believe the government's proof, I believe that the money did in fact get to Mr. Yasko, and I believe he has it now ... the government's [sentencing] recommendation I was prepared to follow before I heard and of the defendant's response, and I still am, because I don't believe a word of it.... And I say without hesitation, I do not believe a single word that was said at this hearing; I just simply don't believe it.
 
 
 20
 Sentencing Transcript of November 7, 1991 at 18-20.
 
 
 21
 We defer to the court's finding that Yasko was not credible in his assertion that he did not have the proceeds of the illegal scheme:
 
 
 22
 When a trial judge's finding is based on his decision to credit the testimony of one or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.
 
 
 23
 Spain v. Rushen, 883 F.2d 712, 717 (9th Cir.1989), cert. denied, 495 U.S. 910 (1990). The court's finding was not contradicted by the evidence nor was it internally inconsistent. Therefore, the court committed no abuse of discretion in sentencing Yasko. See United States v. Pomazi, 851 F.2d 244, 247 (9th Cir.1988). Further, because the record demonstrates that vast amounts of money were netted in this tax evasion scheme, there is evidence that Yasko "may be able to pay restitution in the amount ordered in the future." United States v. Ramilo, 986 F.2d 333, 336 (9th Cir.1993).
 
 
 24
 AFFIRMED.
 
 
 
 *
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3