12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-appellee,
v.
Hector MORENO, Defendant-appellant.
UNITED STATES of America, Plaintiff-appellee,
v.
Rolando ZAZUETA, Defendant-appellant.
 Nos. 92-10528, 92-10564.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1993.
Decided Dec. 16, 1993.
 
 Before: WALLACE, Chief Judge; D.W. NELSON, O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hector Moreno ("Moreno") and Rolando Zazueta ("Zazueta") appeal their convictions for possessing and transferring a machine gun in violation of 18 U.S.C. Secs. 922(o) and 924(a)(2). After a joint trial in which the jury could not reach a verdict, they were tried separately and convicted. We affirm Moreno's conviction, but we reverse Zazueta's conviction because there was not sufficient evidence to justify a jury instruction on deliberate ignorance.
 
 ANALYSIS
 1. Jewell Instruction Claim
 
 3
 Both Moreno and Zazueta claim that the district court erred in giving a deliberate ignorance instruction to the jury. United States v. Jewell, 532 F.2d 697, 700 (9th Cir.) (en banc), cert. denied, 426 U.S. 951 (1976). "The substantive justification for the rule is that deliberate ignorance and positive knowledge are equally culpable." Id. at 700. We review de novo whether or not a so-called Jewell instruction should have been given. United States v. Asuncion, 973 F.2d 769, 772 (9th Cir.1992).
 
 
 4
 The crime charged requires the government to prove that the defendants "knowingly and intentionally" possessed the machine gun. A government witness testified in both trials that the weapon, an Uzi 9mm caliber rifle, had been modified internally to operate as a machine gun (i.e., as an automatic weapon). Both Moreno and Zazueta testified that they did not know that the weapon they possessed and eventually sold to undercover Bureau of Alcohol, Tobacco and Firearms agents was an automatic weapon. In each case, the district court gave the jury a Jewell instruction.[1]
 
 A Jewell instruction should be given
 
 5
 only when the defendant purposely contrives to avoid learning all the facts, as when a drug courier avoids looking in a secret compartment he sees in the trunk of a car, because he knows full well that he is likely to find drugs there.... The instruction enables the jury to deal with willful blindness, where a person suspects a fact, realizes its probability, but refrains from obtaining final confirmation in order to be able to deny knowledge if apprehended.
 
 
 6
 United States v. Mapelli, 971 F.2d 284, 286 (9th Cir.1992) (citations omitted) (emphasis added). Such an instruction, however, is in appropriate
 
 
 7
 where the facts point to actual knowledge rather than deliberate ignorance.... It is not a routine instruction for cases in which knowledge is at issue. The instruction is inappropriate where the evidence could justify one of two conclusions, either that the defendant had knowledge, or that the defendant did not, but not a third conclusion, that the defendant deliberately shut her eyes to avoid confirming the existence of a fact she all but knew.
 
 
 8
 Id. at 286 (citations omitted) (emphasis added).
 
 
 9
 In Moreno's case, when he and Zuzueta found the gun, which was in a box, neither person touched it. Moreno took the box and put it into his truck. He then stored the gun for several months, again never touching or examining it and never asking anyone to explain what type of gun it was.
 
 
 10
 Moreno's prolonged storage of the gun, which he and Zazueta believed might have been used in a crime, and his clear effort to avoid associating himself with or learning about the gun indicate that he was suspicious that there was something illegal about the gun. His conscious efforts to avoid the gun thus merit a Jewell instruction. See United States v. Perez-Padilla, 846 F.2d 1182, 1183 (9th Cir.1988).
 
 2. Law of the Case Claim
 
 11
 In each of Moreno's three trials, the government sought to introduce evidence of Moreno's nonregistration of the machine gun. In the first two trials, the district court ruled that the evidence was irrelevant because failure to register the gun was neither charged in its own right nor an element of the possession crime charged. In Moreno's third trial, the district court admitted the evidence as relevant. On appeal, Moreno argues that the law of the case doctrine precluded the court from admitting the evidence of nonregistration when the district court had excluded it as irrelevant in the first two trials.
 
 
 12
 According to the law of the case doctrine as applied in this circuit, "it is error for a court upon retrial to reverse an identical evidentiary ruling made during the first trial, barring clear error or a change in circumstances." United States v. Tham, 960 F.2d 1391, 1397 (9th Cir.1992). The doctrine applies to evidentiary rulings. Tham, 960 F.2d at 1397-98 (law of the case doctrine applied to admission of tape recording); see also United States v. Estrada-Lucas, 651 F.2d 1261, 1263-64 (9th Cir.1980) (law of the case doctrine applied to admission of polygraph evidence).
 
 
 13
 The government contends that the clear error exception to the law of the case doctrine applies, e.g., that the district court's rulings in the first two trials were wrong. Whether or not evidence of nonregistration of the gun was relevant is, at best, a close call. Thus, we find that the law of the case doctrine applies here. We find, however, that any error caused by the admission of the evidence was harmless beyond a reasonable doubt. Tham, 960 F.2d at 1398 (law of the case errors subject to harmless error analysis). The evidence was cumulative, since Moreno's own testimony made it clear that he did not seek to register the gun. Moreover, we do not see, and the defendant does not identify, how this evidence prejudiced him.
 
 3. Denial of Motion in Limine
 
 14
 Moreno claims error in the district court's denial of his motion in limine to preclude the government from attempting to impeach Zazueta by introducing evidence of his conviction.[2] As a result of this unfavorable ruling, claims Moreno, he did not call Zazueta to corroborate his story about how he found the gun. Evidentiary rulings involving limits on impeachment of a witness are preserved only when the defendant actually calls the witness to testify, so we will not reach this claim. Luce v. United States, 469 U.S. 38, 43 (1984); United States v. Behanna, 814 F.2d 1318, 1321 (9th Cir.1987).
 
 
 15
 Moreno's claims are without merit, and we therefore affirm his conviction. We reverse Zazueta's conviction because the evidence presented at trial did not warrant a deliberate ignorance instruction.
 
 
 16
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Jewell instruction given was almost identical to Ninth Circuit Model Criminal Jury Instruction 5.07 (1989), which reads as follows:
 You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant was aware of a high probability that the firearm he possessed was a machine gun and deliberately avoided learning the truth.
 You may not find such knowledge, however, if you find that the defendant actually believed that the firearm was not a machine gun, or if you find that the defendant was simply careless.
 
 
 [2]
 Zazueta's second trial occurred before Moreno's third trial