51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge Adolfo LOPEZ-MENA, Defendant-Appellant.
 No. 94-10147.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1995.
Decided March 10, 1995.
 
 1
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Jorge Adolfo Lopez-Mena appeals his conviction for possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). He asserts that the district court should have suppressed the nearly twelve kilograms of cocaine found in his car because Tohono O'Odham Police Officer David Cray stopped Lopez-Mena's car without reasonable suspicion.[1] Lopez-Mena also asserts that the district court erred in giving a Jewell instruction on willful ignorance because the government argued that Lopez-Mena actually knew he was transporting cocaine. We have jurisdiction, 28 U.S.C. Sec. 1291, and we reverse.
 
 
 4
 * Lopez-Mena claims that a Jewell instruction was improper in his case because "the evidence could justify one of two conclusions, either that the defendant had actual knowledge, or that the defendant did not, but not a third conclusion, that the defendant deliberately shut his eyes." He asserts that the government's argument that he was lying precludes its arguing in the alternative that he was willfully ignorant. Lopez-Mena is incorrect. "[I]f there is evidence of both actual knowledge and of deliberate ignorance, a Jewell instruction is appropriate." United States v. Perez-Padilla, 846 F.2d 1182, 1183 (9th Cir.1988). Here, Lopez-Mena's own testimony, that strangers hired him to drive a car across the border and instructed him not to look in the bag, was evidence suggesting deliberate ignorance. The Jewell instruction, therefore, was proper.
 
 II
 
 5
 Lopez-Mena contends that he was unlawfully stopped and that the cocaine found in his car should be suppressed as the fruit of that stop. The government argues that the stop was justified because Cray had reasonable, articulable suspicion that illegal activity was afoot. Whether there was reasonable suspicion to justify an investigatory stop is a mixed question of law and fact reviewed do novo. United States v. Alvarez, 899 F.2d 833, 836 (9th Cir.1990), cert. denied, 498 U.S. 1042 (1991).
 
 
 6
 The government asserts that the combination of the following factors justified the stop:
 
 
 7
 (1) Lopez-Mena was driving 35 in a 55 m.p.h. zone;
 
 
 8
 (2) Lopez-Mena was in a common pick-up area for drugs smuggled across the border by backpackers;
 
 
 9
 (3) Lopez-Mena's car had a Mexican license plate, but lacked the corresponding registration decal; and
 
 
 10
 (4) The license plate was attached by only one bolt.
 
 
 11
 Although this case is close, the government has not shown that Cray had a reasonable, articulable suspicion to support the stop. The highway on which Lopez-Mena was travelling may be used for drug smuggling more frequently than other highways, but we have no doubt that the vast majority of drivers on this road are going about their legitimate daily business. As we stated in United States v. Salinas, 940 F.2d 392, 394 (9th Cir.1991), it is well known that many thousands of Mexican males drive cars to work every morning into border towns in the U.S., rendering stops based on such a profile unreasonable. That Lopez-Mena was driving slowly and with a tenuously connected license plate does not tilt the balance in favor of the government, especially given the truck's old age.
 
 
 12
 REVERSED.
 
 RYMER, Circuit Judge, dissenting:
 
 13
 Although this case is close, I believe there was reasonable, articulable suspicion and therefore dissent.
 
 
 14
 In determining whether an investigatory stop was justified, we must interpret the facts of the case in light of the officer's experience and knowledge. United States v. Patterson, 492 F.2d 995 (9th Cir.), cert. denied, 419 U.S. 846 (1974). Cray's experience was that drug traffickers drive slowly along this area of Highway 86 in an effort to spot markings left by backpackers which indicate where the car is supposed to stop to pick up the drugs brought over the border by the backpackers--precisely the conduct he observed from Lopez-Mena. As the Supreme Court said about a point on Highway 86 within three miles of where Lopez-Mena was stopped: "Of critical importance, the officers knew that the area was a crossing point for illegal aliens. They knew it was common practice for persons to lead aliens through the desert from the border to Highway 86, where they could--by prearrangement--be picked up by a vehicle." United States v. Cortez, 449 U.S. 411, 419 (1981). Here, too, Cray's knowledge that the area was notorious for smuggling is critically important. Cray also knew that Lopez-Mena's license plate was held on by a single bolt, which makes quick switching easy.
 
 
 15
 While driving an older car, and driving slowly, are consistent with perfectly innocent activities, "the facts used to establish 'reasonable suspicion' need not be inconsistent with innocence." United States v. Franco-Munoz, 952 F.2d 1055, 1057 (9th Cir.1991), cert. denied, 113 S.Ct. 3015 (1993). It is the totality of the circumstances that count, and I cannot say that altogether there was no basis for reasonable suspicion sufficient to stop the car briefly to find out what Lopez-Mena was doing. Therefore, I would affirm.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court held that Officer Cray's good faith belief that he could stop the vehicle justified it, on appeal the government argues only that the stop was justified by objective factors