**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50486 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-01439-CAB-1 |
| v. | |
| JOSE ALEJANDRO NAVA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted April 4, 2017[**]
Pasadena, California

Before: EBEL,[***] M. SMITH, and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable David M. Ebel, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

In this direct criminal appeal, Defendant-Appellant Jose Nava challenges

both his conviction for knowingly importing methamphetamine and the sentence

imposed for that offense. We have jurisdiction pursuant to 28 U.S.C. § 1291, and

we affirm.

**1. Deliberate-ignorance instruction.** Over Nava's objection, the district court

instructed jurors that they could find that Nava "knowingly" imported

methamphetamine if they found that he was deliberately ignorant of the fact that

there were drugs hidden in the two wheels of cheese he tried to bring into the

United States from Mexico.[1] See generally United States v. Heredia, 483 F.3d 913,

918 (9th Cir. 2007) (en banc) ("'Knowingly' in criminal statutes . . . includes the

state of mind of one who does not possess positive knowledge only because he

consciously avoided it.") (quotation marks omitted).

A deliberate-ignorance instruction is appropriate when, viewing the evidence

---

[1]The United States charged Nava under 21 U.S.C. §§ 952 and 960, which make it unlawful knowingly or intentionally to import, e.g., "any controlled substance in schedule I or II of subchapter I of this chapter," 21 U.S.C. § 952(a); see id. § 960(a)(1). The information the Government filed against Nava specifically charged him with "knowingly and intentionally import[ing] a mixture and substance containing a detectable amount of Methamphetamine, a Schedule II Controlled Substance . . . ." ER 211. The trial court instructed jurors, without objection, that to convict Nava they had to find beyond a reasonable doubt that, among other things, he "knew the substance he was bringing into the United States was methamphetamine or some other prohibited drug." Doc. 44, Instruction No. 13. See United States v. Jefferson, 791 F.3d 1013, 1014-16, 1019 (9th Cir. 2015).

in the light most favorable to the party requesting the instruction—here the Government—"a jury could rationally find" both that the defendant had "(1) a subjective belief that there is a high probability a fact exists and" the defendant took "(2) deliberate actions . . . to avoid learning the truth." United States v. Ramos-Atondo, 732 F.3d 1113, 1119 (9th Cir. 2013) (internal quotation marks omitted). The district court did not abuse its discretion, see id. at 1118, in giving a deliberate-ignorance instruction in Nava's case. See United States v. McAllister, 747 F.2d 1273, 1274-76 (9th Cir. 1984); United States v. Murrieta-Bejarano, 552 F.2d 1323, 1324-25 (9th Cir. 1977), overruled on other grounds by Heredia, 483 F.3d 913; see also United States v. Perez-Padilla, 846 F.2d 1182, 1183 (9th Cir. 1988) (per curiam).

The evidence from which a jury could have found that Nava "had a subjective belief that there is a high probability" that there were drugs hidden in the cheese included the suspicious circumstances by which Nava came to possess the cheese; the suspicious arrangement to which Nava agreed—to take the cheese a few blocks across the U.S.-Mexico border and then give the cheese back to the same man from whom Nava had just obtained the cheese on the Mexican side of the border; and the inconsistent explanations he gave to authorities as to how he came to possess the methamphetamine hidden in the cheese wheels. Further, a jury

3

could have found that Nava took deliberate action to avoid learning the truth because he failed to investigate any of these suspicious circumstances.  See Ramos-Atondo, 732 F.3d at 1119 ("A failure to investigate can be a deliberate action.").

**2.  Sufficiency of the evidence that Nava "knowingly" imported methamphetamine.**  The trial court instructed jurors, not only on deliberate ignorance, but also on actual knowledge.  See Heredia, 483 F.3d at 922-23.  Viewing the evidence in the light most favorable to the jury's verdict, and reviewing here for plain error, see United States v. Pelisamen, 641 F.3d 399, 409 n.6 (9th Cir. 2011), there was sufficient evidence from which a rational jury could have found, beyond a reasonable doubt, that Nava was deliberately ignorant or that he actually knew about the drugs hidden in the cheese.  See Heredia, 483 F.3d at 922-23.  For example, he gave inconsistent and implausible explanations to the border authorities for why he was bringing this cheese back into the United States.

**3.  Substantive reasonableness of Nava's sentence.**  Nava's thirty-seven-month sentence, which represents a significant downward departure from his advisory guideline range of 87 to 108 months in prison, is substantively reasonable.  Nava's only argument to the contrary is that "[t]he district court relied, in part, on the deliberate ignorance instruction when fashioning the sentence imposed in this case.

4

Had the court known the deliberate ignorance theory was not supported by the evidence it probably would have imposed a different sentence." Aplt. Br. 7. Having concluded the district court did not err in giving the deliberate-ignorance instruction, we conclude a sentence based upon deliberate ignorance is not substantively unreasonable.

**AFFIRMED**.